UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CAROLYN SCHAAB,

                              Plaintiff,

v.                                             Civil Action No. _____

OLIPHANT FINANCIAL, LLC AND
EASTPOINT RECOVERY GROUP, INC

                              Defendants.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Carolyn Schaab is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Oliphant Financial LLC is a foreign business corporation organized and existing under the laws of the State of Florida and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant Eastpoint Recovery Group, Inc. is a domestic business corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendants regularly attempt to collect debts alleged to be due another.

8. The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

10. That at all relevant times herein, Eastpoint Recovery Group acted as agent-in-fact for Oliphant, and acted within the scope of their agency.

### IV. FACTUAL ALLEGATIONS

11. That Plaintiff allegedly incurred a credit card debt with HSBC/Capital One. This debt will be referred to as "the subject debt."

12. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

13. That Plaintiff thereafter defaulted on the subject debt.

14. That sometime after the alleged default, Defendant Oliphant acquired the subject debt.

15. That upon information and belief Defendant Eastpoint Recovery Group was employed to collect on the subject debt.

16. That in or about July of 2013, Defendant, Eastpoint Recovery, began calling Plaintiff multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

17. During one of the aforementioned calls, Defendant, Eastpoint Recovery left a voice mail to the Plaintiff stating "pick up your phone or else we will issue a summons."

18. That Plaintiff, during the message, picked up the phone to speak with the Defendant. Defendant demanded that the Plaintiff enter into a payment agreement by providing four (4) post-dated checks. The Plaintiff refused to provide this information and instead offered to send a payment per month. Defendant refused this arrangement and the conversation was terminated.

19. That in or about August of 2013, Defendant, Eastpoint Recovery began calling Plaintiff's daughter-in-law's mother, leaving a voice message for Plaintiff disclosing personal information regarding the subject debt and threatening legal action.

20. That in or about August of 2013, Defendant, Eastpoint Recovery contacted Plaintiff's other daughter-in-law's father, disclosing personal information regarding the subject debt.

21. That despite Defendant's statements, they had not been authorized by Oliphant to pursue legal action against Plaintiff, lacked the present ability to do so, and did not intend to do so.

22. Defendant did not give the mini-Miranda warning during the initial communication with Plaintiff as is required by 15 U.S.C. §1692e(11).

23. That as a result of Defendants' acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

24. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 23 above.

25. The conduct of Defendants as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendants violated 15 U.S.C. §1692b(2) by contacting Plaintiff's family members as referenced in paragraphs 19 and 20 and disclosing the existence of the alleged subject debt.

    B. Defendants violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by continuously calling the Plaintiff the natural consequence of which is to harass, oppress, or abuse the Plaintiff and causing the Plaintiff's phone to ring or engage Plaintiff in telephone conversations repeatedly.

    C. Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2) and 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), and 15 U.S.C.§1692f(1) by threatening legal action against the Plaintiff.

    D. Defendants violated 15 U.S.C §1692e(11) by failing to communicate the mini-Miranda warning.

    E. Defendants violated 15 U.S.C.§1692f and 15 U.S.C.§ f(3) by unfair or unconscionable means to collect or attempt to collect the alleged debt and by accepting or soliciting postdated check for purpose of threatening criminal prosecution.

    F. Defendants violated 15 U.S.C. §1692g by failing to send the consumer a 30-day validation notice within five days of the initial communications.

26. That Defendant Oliphant is vicariously liable for the tortious acts of Defendant Eastpoint Recovery Group described herein pursuant to the laws of agency and otherwise.

27. That as a result of the Defendants' FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for:

    (a) Actual damages;

    (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d) For such other and further relief as may be just and proper.

### VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: January 2, 2013

    /s_Seth J. Andrews  
    Seth J. Andrews, Esq.  
    Kenneth R. Hiller, Esq.  
    Law Offices of Kenneth Hiller, PLLC  
    *Attorneys for the Plaintiff*  
    6000 North Bailey Ave., Suite 1A  
    Amherst, NY 14226  
    (716) 564-3288  
    Email:sandrews@kennethhiller.com  
        khiller@kennethhiller.com